[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11831
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60172-WPD-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCES JEUDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2017)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Frances Jeudy appeals his sentence of 92 months of imprisonment imposed

following his pleas of guilty to conspiring to defraud the United States, 18 U.S.C.

§ 286; conspiring to possess and possessing 15 or more unauthorized access devices, *id.* § 1029(a)(3), (b)(2), and possessing stolen mail, *id.* § 1708. Jeudy does not challenge his sentence to a mandatory consecutive term of 24 months for aggravated identity theft, *id.* § 1028A. Jeudy argues that his sentence of 92 months is substantively unreasonable. We affirm.

The district court did not abuse its discretion. We expect a sentence within the advisory guideline range to be reasonable. *United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir.), *cert. denied*, 137 S. Ct. 254 (2016). Jeudy's sentence is at the low end of his advisory guideline range of 92 to 115 months and well below the maximum statutory penalties for his crimes of fraud and possession of access devices. *See* 18 U.S.C. §§ 286, 1029(a)(3), (c). The district court reasonably determined that a  92-month sentence accounted for Jeudy's "good family support," "[h]is age," and his minimal "role in the offense" and balanced that against the need for his sentence to address the seriousness of his offense, to "act[] as a deterrent [to future similar crimes, and to] promote[] respect for the law." *See* 18 U.S.C. § 3553(a)(1), (a)(2). Jeudy and his coconspirators operated a sophisticated fraud enterprise in which they stole identification information from real persons and used that information to file false tax returns and to obtain millions of dollars in tax refund payments. And in his written plea agreement,

2

Jeudy stipulated that his offense involved ten or more victims and that he was responsible for a loss of $25 to $65 million.

Jeudy argued that his criminal category of V overrepresented his criminal history, but the district court was entitled to make a contrary finding. Jeudy had amassed felony convictions for criminal mischief, aggravated battery with a deadly weapon, twice eluding a police officer, and unlawful driving as a habitual traffic offender and several misdemeanor convictions for resisting arrest without violence and for driving with a suspended license. During the conspiracy, Jeudy served a brief jail sentence but returned to the illegal enterprise upon his release. That resumption of criminal activity was consistent with Jeudy's history of having his sentences of probation revoked for violating the law. Jeudy's sentence is reasonable.

We **AFFIRM** Jeudy's sentence.

3